**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAISY SANCHEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| CAR OUTLET; TOTAL FINANCE; ) | |
| ANDREW DELUCA, individually and in his ) | |
| capacity as a director; VERONICA ) | |
| CARDONA, individually and in her capacity ) | |
| as a supervisor, ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants CAR OUTLET, TOTAL FINANCE, ANDREW DELUCA ("DeLuca"), individually and in his capacity as a director, and VERONICA CARDONA ("Cardona"), individually and in her capacity as a supervisor, (collectively "Defendants") by and through their undersigned counsel, hereby file a Notice of Removal of the action styled *Daisy Sanchez versus Car Outlet; Total Finance; Andrew DeLuca, individually and in his capacity as a director, Veronica Cardona, individually and in her capacity as a supervisor*, Case Number 2017 L 012612, from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. The grounds for removal are as follows:

**I.      THE STATE COURT ACTION**

1.      On December 11, 2017, Plaintiff commenced an action in the Circuit Court of Cook County, Illinois, styled *Daisy Sanchez versus Car Outlet; Total Finance; Andrew DeLuca, individually and in his capacity as a director, Veronica Cardona, individually and in her*

*capacity as a supervisor*, Case Number 2017 L 012612. *See* Plaintiff's Complaint, a copy of which is attached and incorporated herein as "Exhibit A-1."[1]

2. Car Outlet first received notice of this lawsuit on January 4, 2018, when it was served with a copy of Plaintiff's summons and Complaint. *See* Exhibit A-2. Total Finance first received notice of this lawsuit on January 4, 2018, when it was served with a copy of Plaintiff's summons and Complaint. *See* Exhibit A-3. DeLuca and Cardona have not yet been formally served, but became aware of this lawsuit generally on January 4, 2018 when Car Outlet and Total Finance were served with a copy of Plaintiff's summons and Complaint.

3. In her Complaint, Plaintiff alleges that she was subjected to unlawful employment practices by Defendants while employed at Car Outlet. She asserts four counts in her Complaint: (1) violation of the Americans with Disabilities Act, 42 U.S.C. 12111 *et seq.* ("ADA"), alleging failure to accommodate and retaliation, (2) violation of the Family and Medical Leave Act, 29 U.S.C. 2611 *et seq.* ("FMLA")*,* alleging retaliation, interference with rights, and denial of rights, (3) violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.* ("Title VII"), alleging discrimination and retaliation, and (4) violation of the Illinois Human Rights Act, 755 ILCS 5/1-101 *et seq.* ("IHRA"), alleging failure to accommodate, discrimination, and retaliation. *See generally* Exhibit A.

4. Upon this set of operative facts, Plaintiff claims that Car Outlet, Total Finance, and the individual Defendants violated the ADA, the FMLA, Title VII, and the IHRA by subjecting her to discrimination on the basis of her sex and pregnancy, discrimination on the basis of a disability, by interfering with and denying rights under the FMLA, and by retaliating against Plaintiff for engaging in protected activity. *Id*.

---

[1] Pursuant to 28 U.S.C. § 1446(a), copies of all summons, process, pleadings, and orders filed in the State Court Action are attached as Group Exhibit A hereto.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

5. Defendants Car Outlet and Total Finance first received notice of the Complaint on January 4, 2018, when they were served with the summons and Complaint. Defendants DeLuca and Cardona also first received notice of the Complaint on January 4, 2018 when Defendants Car Outlet and Total Finance were served with the summons and Complaint. Therefore, the removal of this action is timely in accordance with 28 U.S.C. § 1446(b), because the Notice of Removal was filed within thirty (30) days of service of the Complaint on Defendants. *See* 28 U.S.C. § 1446(b).

6. Pursuant to 28 U.S.C. § 1446(a), copies of all summons, process, pleadings, motions and orders that have been filed in the State Court Action are attached as Group Exhibit A hereto.

7. This Court embraces the locality in which the State Court Action is now pending, making this Court a proper forum pursuant to 28 U.S.C. § 1441(a).

8. No previous application has been made for the relief requested herein.

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff, and a copy is being filed with the Circuit Court of Cook County, Illinois.

10. Counsel for Defendants is representing all named Defendants in this lawsuit and all Defendants consent to removal in accordance with 28 U.S.C. § 1446(b)(2)(A).

11. If any question arises regarding the propriety of the removal of this action, Defendants Car Outlet, Total Finance, DeLuca, and Cardona respectfully request the opportunity to present a brief and/or oral argument in support of their position that this case is removable.

**III.   THIS COURT HAS FEDERAL QUESTION JURISDICTION**

12.   As noted above, Plaintiff purports to set forth a cause of action for a claimed violation of the Americans with Disabilities Act, 42 U.S.C. 12111 *et seq.,* a claimed violation of the Family and Medical Leave Act, 29 U.S.C. 2611 *et seq.*, and a claimed violation of Title VII, 42 U.S.C. 2000e *et seq.* Therefore, federal question jurisdiction exists over Plaintiff's claims under 28 U.S.C. § 1331, because the resolution of Plaintiff's claims will require the adjudication of a disputed question of federal law.

13.   Because Plaintiff's ADA, FMLA, and Title VII claims arise under the laws of the United States, removal of this cause of action is appropriate under 28 U.S.C. §§ 1441(a) – (c).

14.   This court has supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. §1367(a) and §1441(c). *See Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995).

WHEREFORE, Defendants Car Outlet, Total Finance, Andrew DeLuca, and Veronica Cardona hereby remove the action now pending against them in the Circuit Court of Cook County, Illinois, and request that this Court assume and retain full jurisdiction over this action for all further proceedings.

Dated:  February 2, 2018               Respectfully submitted,

By:  /s/ Erin A. House
James B. Hiller #6277661
Erin A. House #6316632
Gordon Rees Scully Mansukhani, LLP
One North Franklin Street, Suite 800
Chicago, Illinois 60606
P: 312-980-6766
F: 312-565-6511
E: jhiller@grsm.com
E: ehouse@grsm.com
*Counsel for Defendants Car Outlet, Total Finance, Andrew DeLuca, and Veronica Cardona*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, and sent a copy of the foregoing document via first class mail, postage prepaid, addressed to:

*__Attorney for Plaintiff__*
Jason Han
The Law Offices of Jason Han
208 S Jefferson Street, Ste. 204
Chicago, IL 60661
jason@jasonhanlaw.com


By:   /s/ Erin A. House
James B. Hiller #6277661
Erin A. House #6316632
Gordon Rees Scully Mansukhani, LLP
One North Franklin Street, Suite 800
Chicago, Illinois 60606
P: 312-980-6766
F: 312-565-6511
E: jhiller@grsm.com
E: ehouse@grsm.com
*Counsel for Defendants Car Outlet, Total Finance, Andrew DeLuca, and Veronica Cardona*

/36672296v.1

5